JOHN D. FARRELL, for plaintiffs in error; H. A. WELD, of counsel.

MACLAY HOYNE, for defendant in error; FRANCIS E. HINCKLEY and EDWARD E. WILSON, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

---

### The People of the State of Illinois, Defendant in Error, v. Samuel Roth, Plaintiff in Error.

#### Gen. No. 19,591.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1914.

### Statement of the Case.

Information filed by The People of the State of Illinois against Alexander Weiss (the name of Samuel Roth being later substituted as defendant by agreement) charging that the defendant, as manager of a restaurant, unlawfully permitted one Agnieszka Mystak, a female, to work more than ten hours a day, and charging that defendant failed to keep an accurate time record showing the hours of employment of females, contrary to statute. Defendant waived a jury trial and the court found him guilty in the manner and form as charged. Judgment was entered requiring that defendant pay a fine of one hundred dollars and the costs of the suit and that he stand committed to the House of Correction until the fine and costs are paid. To reverse the judgment, defendant brings error.

MOSES, ROSENTHAL & KENNEDY, for plaintiff in error; WALTER BACHRACH, of counsel.

JOHN P. REED, for defendant in error; CHARLES J. HERMAN, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. INDICTMENT AND INFORMATION, § 29*—*sufficiency of information for violation of act limiting the hours of employment of females.* In a prosecution for violation of sections 123 and 125, ch. 48, Hurd's R. S. 1911, J. & A. ¶¶ 5290, 5293, it should be averred and proved that the defendant was the employer of the female employe, or it should be proved that he was an accessory before the fact under a proper information.

2. INDICTMENT AND INFORMATION, § 67*—*when name of person against whom offense was committed should be proved as laid.* It is essential in all prosecutions that both the Christian and the surname of the party against whom the alleged offense was committed should be proved as laid in the indictment or information.

3. INDICTMENT AND INFORMATION, § 74*—*when variance as to name of party is fatal.* Where an information charges that an alleged crime was committed against Agnieszka Mystak and the proof shows that the offense was committed against Agnes Myslak or Agnes Lyslak, *held* that there was a fatal variance.

4. CRIMINAL LAW, § 417*—*when question of variance need not be raised in trial court.* It is immaterial that the question of variance was not raised on the trial where the name of the party against whom the offense was committed was not proved as laid in the information.

5. CRIMINAL LAW, § 372*—*when failure of judgment to specify offense of which defendant was found guilty not fatal.* Where the court finds defendant guilty on an information which charges in one count two distinct offenses punishable with different penalties, failure of court to specify the offense of which defendant is found guilty and to make the judgment correctly describe the offense in its recitals, *held* mere informalities and not fatal within themselves, the finding of the court being that the defendant is "guilty in manner and form as charged in the information," and it clearly appearing from the judgment for what offense the court found.

*See Illinois Notes Digest. Vols. XI to XV, same topic and section number.